IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Scott Rudolph Welch, | ) | |
| | ) | Civil Action No. 6:17-439-MBS-KFM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| Joey Johnson, Melissa Vandoser, | ) | |
| Beverly Giraldi, Jane Tyler, and | ) | |
| Karen Wright | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the motion for preliminary injunction of the plaintiff, a pretrial detainee at the J. Reuben Long Detention Center. The plaintiff, who is proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Section 1983 and submit findings and recommendations to the district court.

In his complaint, the plaintiff names as defendants Melissa VanDuser, Beverly Giraldi, Jane Tyler, and Karen Wright, all of whom are nurses who provide medical services at the detention center, and Major Joey Johnson, the Deputy Director of the detention center. The plaintiff complains that the nurses are "handling the inmate histories, physicals, the administering of shots and changing bandages" on the "dining room" tables and asserts that the defendants are "belittling what few rights we have as Americans, who just happen to be detained." He alleges that he "sees germs crawling everywhere" on the tables and that he was told during a sick call in 2015 that he had MRSA, which he maintains he

contracted at the detention center. The plaintiff alleges he has complained to various medical and non-medical staff, including Major Johnson (docs. 22, 22-3).

In his motion for preliminary injunction, the plaintiff contends that the "prison staff have once again started using the Dining Hall for the administering of shots and physicals after they agreed to stop." He asks that the court issue a preliminary injunction "so that they may take their promises a little less lightly" (doc. 45). The defendants filed responses in opposition to the motion (docs. 51, 52).

"Preliminary injunctions are not to be granted automatically." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). Such relief regarding the administration of a state prison should be granted only in compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). Moreover, the United States Court of Appeals for the Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. *See Wetzel*, 635 F.2d at 288 (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration).

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir. 2009), *vacated on other grounds by* 559 U.S. 1089 (2010), *reinstated in relevant part on remand by* 607 F.3d 355 (4th Cir. 2010). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345-46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winte*r, 555 U.S. at 20-23; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities

tips in the plaintiff's favor. *See Real Truth*, 575 F.3d at 346-47. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 24).

In response to the motion, the defendants have presented the declaration of Major Johnson (doc. 52-1) and the affidavit of Ms. Van Duser (doc. 51-1). The area at issue is a multipurpose room (the "Common Room") between and shared by two housing pods at the detention center that is used, among other things, for dining by inmates in the two adjoining pods (doc. 52-1, Johnson decl. ¶ 3). The Common Room contains six large tables, each of which seat approximately twelve people (*id.*). The Common Room is cleaned three times a day by inmate workers (*id.* ¶ 4). Adjoining the Common Room is a medical triage room (the "Medical Room") used for inmate sick call for the inmates in the two adjoining pods (*id.* ¶ 5). Due to space limitations in the Medical Room, the medical staff has used one of the nearby tables in the Common Room for certain limited purposes, including medical paperwork, taking vital signs, and the administration of tuberculosis skin tests, a sterile procedure that does not involve any bodily fluid (doc. 51-1, Van Duser aff. ¶¶ 3-5). Due to the plaintiff's complaints, the detention center purchased a portable table top for the nurses to use for intake outside of the Medical Room (*id.* ¶ 6). Even though the table top was being used such that nothing was being done on the table itself, the plaintiff still complained (*id.*). Accordingly, the medical staff no longer uses the Common Room at all (*id.* ¶ 6). Ms. Van Duser also attaches to her affidavit the plaintiff's medical records showing that he has never been diagnosed with MRSA, and his complaints about a sore in his nose and a lump in his throat were treated with antibiotics (*id.* ¶ 8).

The undersigned finds that the plaintiff has failed to make the required showing for issuance of a preliminary injunction. The plaintiff has not shown that he is likely to succeed on his claims. The plaintiff's claims are evaluated under the Fourteenth Amendment rather than the Eighth Amendment, which is used to evaluate conditions of

confinement for those convicted of crimes. *See City of Revere v. Mass. Gen. Hosp*., 463 U.S. 239, 244 (1983). "[The] due process rights of a pretrial detainee are at least as great as the [E]ighth [A]mendment protections available to the convicted prisoner." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). To state a claim that conditions of confinement violate constitutional requirements, a plaintiff must show that he was deprived of a basic human need and that prison officials were deliberately indifferent to that deprivation. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). The first prong of the *Strickler* analysis requires an objective showing that the deprivation was sufficiently serious, such that significant physical or emotional injury resulted from it, while the second prong is a subjective test requiring evidence that prison officials acted with a sufficiently culpable state of mind. *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Neither *Strickler* prong has been met here, as the plaintiff has shown no deprivation nor the defendants' indifference. Further, the plaintiff has failed to show a likelihood that he will suffer irreparable harm in the absence of preliminary relief as the defendants no longer use the Common Room. Moreover, the plaintiff has failed to make any showing that the balance of equities tips in his favor or that an injunction would be in the public interest.

Based upon the foregoing, the plaintiff's motion (doc. 45) should be denied.

IT IS SO RECOMMENDED.


May 15, 2017                                          s/ Kevin F. McDonald
Greenville, South Carolina                   United States Magistrate Judge