IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Scott Rudolph Welch, ) | |
| ) | C/A No. 6:17-0439-MBS-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Joey Johnson, Melissa Vandoser, ) | |
| Beverly Giraldi, Jane Tyler, and ) | |
| Karen Wright, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Scott Rudolph Welch is a pretrial detainee currently housed at the J. Reuben Long Detention Center (JRLDC) in Conway, South Carolina. Plaintiff, proceeding pro se and in forma pauperis, filed a complaint on February 10, 2017, alleging that the nurses at JRLDC administer shots and change bandages utilizing the same tables where detainees eat their meals. Plaintiff filed an amended complaint on March 20, 2017, alleging that he contracted a MRSA staph infection during his detention. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging unconstitutional conditions of confinement and seeking injunctive relief and compensatory and punitive damages. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling.

Plaintiff filed a motion for preliminary injunction on April 26, 2017. Plaintiff asserts that "the prison staff have once again started using the dining hall for the administering of shots and physicals, after the[y] agreed to stop. I wish to file for an preliminary inju[n]ction so that they may take their promises a little less lightly." ECF No. 45. Defendants Beverly Giraldi, Melissa VanDuser,[1] and Karen Wright filed a response in opposition on May 11, 2017. The Magistrate

---

[1] It appears this Defendant's proper name is VanDuser or Van Duser. See ECF No. 51-1.

Judge filed a Report and Recommendation on May 15, 2017. Plaintiff filed a reply to Defendants' responses on May 22, 2017.[2]

The Magistrate Judge reviewed the affidavit of Defendant VanDuser, who averred that tables were used directly outside a triage room to take medical histories and complete medical intake forms. Defendant VanDuser stated that wound dressings were not changed at the table, although nurses might provide a new band-aid or clean bandage if a detainee arrives at intake with a need to cover something. Defendant VanDuser further stated that tuberculosis skin tests are administered during intake, but that the process is sterile and involves no bodily fluid. According to Defendant VanDuser, the nurses sanitize the area after completing intake. Defendant Vanduster further avers that JRLDC provided the medical personnel with a separate table to use, but after Plaintiff continued to complain, the medical staff does not use tables in the eating area at all, and works only in the triage room. ECF No. 51-1. Defendant VanDuser also disputes Plaintiff's allegation that he was treated for the MRSA staph infection. Id.

The Magistrate Judge also reviewed the affidavit of Defendant Johnson. Defendant Johnson attests that inmate workers clean the eating area after each mean, which includes wiping down the tables and sweeping and mopping the floors. Defendant Johnson asserts that he investigated Plaintiff's complaints and was assured by the medical staff that the services provided utilizing the tables were safe, sterile, and posed no health risk to any inmates. Defendant Johnson also states that medical personnel were provided with an alternate table, and that currently medical staff has ceased to use the disputed area. ECF No. 52-1.

---

[2] The court's docket reveals that the Report and Recommendation was placed in the mail to Plaintiff on May 16, 2017. The reply from Plaintiff is also dated May 16, 2017, and was received by the Office of the Clerk of Court on May 22, 2016.

The Magistrate Judge determined that Plaintiff failed to show entitlement to a preliminary injunction. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7 (2008) (holding that a plaintiff must make a clear showing that (1) he is likely to succeed on the merits; (2) he is likely to be irreparably harmed absent injunctive relief; (3) the balance of equities tips in his favor; and (4) injunctive relief is in the public interest). Relying on Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1998), the Magistrate Judge noted that, for conditions of confinement to violate constitutional requirements, a plaintiff must show that he was deprived of a basic human need and that prison officials were deliberately indifferent to that deprivation. The Magistrate Judge further observed that the first prong of the Strickler analysis requires an objective showing that the deprivation was sufficiently serious, while the second prong is a subjective test requiring evidence that prison officials acted with a sufficiently capable state of mind. The Magistrate Judge determined that Plaintiff had met neither Strickler prong, and thus could not prevail on the merits. The Magistrate Judge further found that Plaintiff failed to show a likelihood that he will suffer irreparable harm, because the eating area is no longer used by medical staff, and that he failed to show the balance of equities tips in his favor or that an injunction would be in the public interest.

As noted, the Magistrate Judge did not have the benefit of Plaintiff's reply. Plaintiff disputes Defendant VanDuser's statement that wound care did not take place at the eating tables and that he was not diagnosed with MRSA. Plaintiff also includes statements from various inmates regarding bloody bandages left on the tables and a failure of medical staff to sanitize the area. Plaintiff also has submitted copies of the various grievances he filed with respect to the use of the eating area by medical staff. However, Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

3

no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Magistrate Judge's recommendation that Plaintiff has failed to show irreparable harm if no injunction issues because it appears Defendants have voluntarily ceased utilizing the eating area for medical purposes. For this reason, Plaintiff's motion for a preliminary injunction is **denied**. The case is recommitted to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

June 16, 2017