IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Scott Rudolph Welch, | ) |
|                  Plaintiff, | ) C/A No. 6:17-0439-MBS |
| vs. | ) |
| Joey Johnson, Melissa Van Duser, Beverly Giraldi, Jane Tyler, and Karen Wright, | ) **ORDER AND OPINION** |
|                  Defendants. | ) |

Plaintiff Scott Rudolph Welch is a pretrial detainee at the J. Reuben Long Detention Center (JRLDC) in Conway, South Carolina. Plaintiff, proceeding pro se and in forma pauperis, filed a complaint on February 10, 2017, amended March 20, 2017, against Defendants Joey Johnson, Deputy Director of JRLDC; and Melissa Van Duser, Beverly Giraldi, Jane Tyler, and Karen Wright, who are nurses at the JRLDC. Plaintiff alleges that he witnessed the nurses at the JRLDC administer shots and change bandages in a common area utilizing the same tables where detainees eat their meals. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging unconstitutional conditions of confinement and seeking injunctive relief and compensatory and punitive damages. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling.

This matter is before the court on motion for summary judgment filed by Defendants Van Duser, Beverly Giraldi, Tyler, and Wright on May 22, 2017, Also on May 22, 2017, Defendant Johnson filed a motion for summary judgment. On May 23, 2017, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a joint response to the

motions for summary judgment on June 1, 2017. Defendant Johnson filed a reply to Plaintiff's response on June 8, 2017. Defendants Van Duser, Giraldi, Tyler, and Wright filed a reply to Plaintiff's response on June 9, 2017. Plaintiff filed a joint surreply as to both replies on June 16, 2017.

The Magistrate Judge issued a Report of Magistrate Judge on December 18, 2017. Relying on Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993), the Magistrate Judge determined that Plaintiff had neither alleged he had been subjected to the alleged unsanitary conditions, or that prison officials had been deliberately indifferent to Plaintiff's complaints.[1] Accordingly, the Magistrate Judge recommended that Defendants' motions for summary judgment be granted. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

---

[1] Defendants admit that medical staff had used tables in the common area as alleged by Plaintiff, but that, because of Plaintiff's complaints, they no longer use the common area. See Affidavit of Melissa Van Duser, ¶ 6 (ECF No. 51-1); Affidavit of Major Joe Johnson, ¶ 15 (ECF No. 52-1).

2

The court has thoroughly reviewed the record. The court concurs in the Report of Magistrate Judge and incorporates it herein by reference.² Defendants' motions for summary judgment (ECF Nos. 56, 57) are **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

January 30, 2018

---

² The Magistrate Judge construed the complaint as also asserting a cause of action of deliberate indifference to Plaintiff's medical needs. The Magistrate Judge noted in his Report of Magistrate Judge that Plaintiff clarified he was not denied medical care at JRLDC, but he was trying to get across the point that "changing bandages and giving shots on the table we eat at for all of our meals is wrong, both morally and hygienically." ECF No. 73, 1. In any event, the Magistrate Judge reviewed Plaintiff's medical claims and determined that Plaintiff failed to show deliberate indifference to a serious medical need. See Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992); Estelle v. Gamble, 429 U.S. 97, 105 (1976). The court concurs in the Magistrate Judge's assessment.